# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JUDITH A. LAWTON,
Plaintiff

v.

BANK OF AMERICA CORP. and ROBERT B. GATES, as Co-Executors of the Estate of Magda Burt,
Defendants

C.A. No. 05-503S

REMOVED FROM THE KENT COUNTY SUPERIOR COURT FOR THE STATE OF RHODE ISLAND, C.A. NO. 05-0970

## ANSWER OF DEFENDANT, BANK OF AMERICA CORP., TO PLAINTIFF'S COMPLAINT

Now comes defendant to the above-captioned matter, Bank of America Corp. ("Bank of America Corp." or "Defendant"), and hereby answers Plaintiff's Complaint as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Plaintiff's complaint. To the extent a further response is required, denied.

2. Defendant is without sufficient knowledge or information to form a belief as to the allegations set forth in this paragraph and leaves Plaintiff to her proof.

3. Defendant admits that Bank of America Corp. is a Delaware Corporation the remaining allegations set forth in this paragraph are denied.

4. Admitted.

5. Defendant admits that in or about 1997, Rhode Island Hospital Trust National Bank was acquired by BankBoston Corp. Admitted that on or about October 1, 1999 BankBoston Corp. merged with Fleet Financial Corp.of Massachusetts. Denied that the BankBoston Corp/Fleet Financial Group of Massachusetts merger created Fleet National Bank or

FleetBoston Financial Corp., though the existence of both Fleet National Bank and FleetBoston Financial Corp. is admitted. Admitted that in or about April 2004, FleetBoston Financial Corp merged into Bank of America Corp. The remaining allegations set forth in this paragraph are denied.

6. Admitted.

7. Admitted.

8. Admitted that Rhode Island Hospital Trust performed a valuation of the Nyman Mfg. Co. stock as of the decedent's date of death, which appraised Class A non-voting stock at $383.04 per share. The remaining allegations in paragraph 8 are denied.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's complaint. To the extent a further response is required, it is admitted that Defendant was aware the Nyman had not been profitable, otherwise, denied.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of Plaintiff's complaint. To the extent a further response is required, it is admitted that Defendant was informed that Nyman had hired Keith Johnson, otherwise, denied.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's complaint. To the extent a further response is required, denied.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's complaint. To the extent a further response is required, denied.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's complaint. To the extent a further

response is required, denied.

14. Admitted that Nyman Manufacturing made an offer to repurchase the shares of Nyman Manufacturing stock which was received in the form of a letter dated August 4, 1995. Admitted that the offer was contingent on all of the beneficiaries accepting the offer to repurchase and that the condition of unanimity was never amended or withdrawn. The remaining allegations in paragraph 14 are denied.

15. Admitted that the Co-Executors forwarded all information received from Nyman Mfg. Co. to the beneficiaries including Lawton. The remaining allegations in paragraph 15 are denied.

16. Admitted that Defendant offered no opinion as to whether or not the beneficiaries should accept the repurchase offer. Defendant worked with Defendant Gates to obtain such additional information for the beneficiaries as seemed necessary or prudent. The remaining allegations in paragraph 16 are denied.

17. Denied.

18. Admitted that not all of the beneficiaries of the Magda Burt Estate responded favorably to Nyman Mfg. Co's Stock Purchase Offer. The remaining allegations in paragraph 18 are denied.

19. Denied that "there existed no impediment" to prevent the Co-Executors from distributing the stock to the beneficiaries in kind, as the will stated that the shares of the stock were to be sold. Admitted that Co-Executors petitioned the Warwick Probate Court for permission to distribute Nyman Mfg. Co. stock in kind. Admitted also that no formal valuation of the Nyman Mfg. Co. stock was performed in connection with the petition to the Probate Court to distribute the stock in kind since any such valuation was unnecessary and would have wasted the assets of the estate. The remaining allegations in paragraph 19 are denied.

20. Admitted that a hearing was held on October 19, 1995 in response to Co-Executors' petition for the in kind distribution of the Nyman Mfg. Co. stock. The remaining allegations raised in paragraph 20 are denied.

21. Admitted that the Warwick Probate Court ordered the sale of all shares held by the estate at $145.36 per share. The remaining allegations in paragraph 21 are denied.

22. Admitted.

23. Admitted that all shares of Nyman Mfg. Co. stock held by the estate were sold on November 6, 1995 for $145.36 per share pursuant to court order and that there has been a partial distribution to the beneficiaries. The remaining allegations in paragraph 23 are denied.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's complaint. To the extent a further response is required, denied.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of Plaintiff's complaint. To the extent a further response is required, denied.

26. Admitted that Nyman Mfg. Co. was sold to Van Leer Corporation for $1,667.38 per Class A share and $2,167.59 per Class B share some two years after the court ordered sale. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 26 of Plaintiff's complaint. To the extent a further response is required, denied.

<u>Count I</u>

27. Defendant incorporates by reference the answers to paragraphs 1 through 26 above as though fully set forth herein.

28. This paragraph contains legal conclusions and as such does not call for a response.

29. (a) Denied;

(b) Denied;

(c) Denied;

(d) Denied;

(e) Denied;

(f) Denied;

(g) Denied;

(h) Denied;

(i) Denied;

(j) Denied.

30. Denied.

31. Denied.

Count II

32. Defendant incorporates by reference the answers to paragraphs 1 through 31 above as though fully set forth herein.

33. Defendant denies the existence of any wrongful acts relevant to the sale of the stock by the Magda Burt Estate in November 2005. The remaining allegations in paragraph 33 are denied.

34. Admitted that the only change in identity of the Co-Executors of the Estate of Magda Burt has been the resignation of Robert B. Gates as Co-Executor. The remaining allegations in paragraph 34 are denied.

35. Denied.

36. Denied.

37. Denied

WHEREFORE, Defendant Bank of America Corp. prays that the relief requested by the Plaintiff be denied and that the Defendant be granted such other relief as this Court deems just.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Plaintiff's Complaint is barred by the Statute of Limitations.

3. This Court lacks subject matter jurisdiction over the claims raised in Plaintiff's Complaint since exclusive original jurisdiction rests with the Warwick Probate Court.

4. The Plaintiff's complaint is barred because Plaintiff has failed to join an indispensable party.

5. The Plaintiff was authorized to bring any complaint against Nyman and its officers and directors that they allege the Co-Executors failed to pursue, and this complaint should be dismissed for failure to mitigate damages.

6. The Plaintiff had standing to appeal from the Probate Court's Order mandating the sale of the Nyman stock and failed to do so. Plaintiff's Complaint is therefore barred by the Doctrine of Waiver.

7. Plaintiff failed to appeal the decision of the Warwick Probate Court and the Plaintiff's Complaint is therefore barred by the Doctrine of Res Judicata.

8. Plaintiff failed to appeal the decision of the Warwick Probate Court and the Plaintiff's Complaint is therefore barred by the Doctrine of Collateral Estoppel.

9. Plaintiff's claims are barred by the Doctrine of Laches.

10. Bank of America Corp. pleads the defense of privilege and immunity since the Co-Executors were simply carrying out the lawful orders of the Warwick Probate Court.

WHEREFORE, Defendant Bank of America, Corp. respectfully requests that judgment be entered in its favor and against Judith A. Lawton and that the Complaint be dismissed with prejudice and Bank of America, Corp. be awarded fees and costs pursuant to R. I. Gen. Laws § 9-1-45 and such other and further relief as this Court deems meet and just.

BANK OF AMERICA, CORP.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: December 2, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANT, BANK OF AMERICA CORP. was mailed, postage prepaid, on this 2nd day of December, 2005:

Karen A. Pelczarski, Esq.
Staci L. Kolb, Esq.
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903

Robert Kiely, Esq.
REGAN & KIELY, LLP
85 Devonshire Street
Boston, MA 02109

Fred L. Mason, Jr. Esq.
MASON ASSOCIATES, PC
20 Cedar Swamp Road
Smithfield, RI 02917

827702_1/4150-24