UNITED STATES DISTRICT COURT
for the
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUDITH A. LAWTON, Plaintiff | ) | |
| v. | ) | C.A. No. 05-CV-00503-S-DLM |
| BANK OF AMERICA CORP. and ROBERT B. GATES, as Co-Executors of the Estate of Magda Burt, Defendants | ) | |

**ANSWER OF DEFENDANT ROBERT B. GATES TO PLAINTIFF'S COMPLAINT**

Now comes defendant to the above-captioned matter, Robert B. Gates ("Gates" or "defendant"), and hereby answers the Plaintiff's Complaint as follows:

1. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Plaintiff's Complaint.
2. The defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.
3. The defendant neither admits nor denies the allegations contained in this paragraph of the Plaintiff's Complaint because said allegations do not pertain to this defendant.
4. The defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.
5. The defendant neither admits nor denies the allegations contained in this paragraph of the Plaintiff's Complaint because said allegations do not pertain to this defendant.

6. The defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

7. The defendant admits the allegations contained in this paragraph of the Plaintiff's Complaint.

8. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

9. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

10. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

11. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

12. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

13. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

14. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

15. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

16. The defendant denies the allegations contained in this paragraph of the Plaintiff's

Complaint.

17. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

18. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

19. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

20. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

21. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

22. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

23. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

24. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Plaintiff's Complaint. To the extent a further response is required, denied.

25. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Plaintiff's Complaint. To the extent a further response is required, denied.

26. The defendant is without sufficient knowledge or information to form a belief as to

the truth of the allegations in this paragraph of the Plaintiff's Complaint. To the extent a further response is required, denied.

COUNT I

27. The defendant incorporates by reference the answers to paragraphs 1 through 26 above as though fully set forth therein.

28. This paragraph of the Plaintiff's Complaint calls for legal conclusions and as such does not call for a response.

29. The defendant denies the allegations contained in all parts, (a) through (j), of paragraph 29 of the Plaintiff's Complaint.

30. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

31. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

COUNT II

32. Defendant incorporates by reference the answers to paragraphs 1 through 31 above as though fully set forth therein.

33. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

34. The defendant neither admits nor denies the allegations contained in paragraph 34 of the Plaintiff's Complaint because said allegations do not pertain to this defendant.

35. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

36. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

37. The defendant denies the allegations contained in this paragraph of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Plaintiff's Complaint is barred by the statute of limitations.

3. This Court lacks subject matter jurisdiction over the claims raised in the Plaintiff's Complaint.

4. The Plaintiff's Complaint is barred because the plaintiff has failed to join an indispensable party.

5. The plaintiff had standing to appeal from the Warwick Probate Court's Order mandating the sale of the Nyman Manufacturing Company stock and failed to do so. The Plaintiff's Complaint is therefore barred by the doctrine of waiver.

7. The Plaintiff's Complaint is barred by the doctrine of res judicata.

8. The Plaintiff's Complaint is barred by the doctrine of collateral estoppel.

9. The plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, defendant Robert B. Gates respectfully requests that judgment be entered in his favor and against the plaintiff Judith A. Lawton and that the Plaintiff's Complaint be dismissed with prejudice.

Robert B. Gates,

By his attorneys,

Fred L. Mason, Jr.

Fred L. Mason, Jr., Local Counsel (RI # 4274)
MASON ASSOCIATES, PC
20 Cedar Swamp Road
Smithfield, RI 02917
(401) 232-2277

DATED: January 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer of Defendant Robert B. Gates to Plaintiff's Complaint was mailed, postage prepaid, on this 23 day of January, 2006 to:

Karen A. Pelczarski, Esq.
Staci L. Kolb, Esq.
BLISH & CAVANAUGH, LLP
Commerce Center
30 Exchange Terrace

Providence, RI 02903

Steven E. Snow, Esq.
Carolyn P. Medina, Esq.
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

[signature]